Carmine P. Pezzino et al., Respondents-Appellants, v Chenango Cooperative Insurance Company, Appellant, and Smith, Wilson Brothers Insurists, Inc., Respondent, et al., Defendants.

Third Department, March 20, 1986

APPEARANCES OF COUNSEL

*Levene, Gouldin & Thompson (David M. Gouldin* of counsel), for appellant.

*David H. Cohen* for respondents-appellants.

*Night & Keller (William E. Night* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

On this appeal, we are asked to construe the scope of a "covered policy" within the meaning of Insurance Law former § 167-a (1) (a) (now Insurance Law § 3425 [a] [2], [3], as renum by L 1984, ch 367).* In April 1982, the farm owner insurance policy on plaintiffs' farm expired. Plaintiffs contacted defendant Smith, Wilson Brothers Insurists, Inc. (Smith Wilson), to inquire whether they would provide coverage. Smith Wilson contacted defendant Chenango Cooperative Insurance Company (Chenango), who sent a marketing representative to inspect the property. Chenango's representative, David Sanderson, placed the values on several of the buildings and subsequently aided Smith Wilson in preparing an insurance application for plaintiffs. Smith Wilson sent the application and a check from plaintiff Carmine Pezzino to Chenango.

The application was received by Chenango on May 11, 1982, where it was reviewed by various company employees and officials. Although Sanderson had initialed the policy indicating acceptance, on May 14, 1982 the decision was made not to provide coverage for the property. A notice of cancellation, stating the reason for cancellation as "[d]oes not meet Company Underwriting criteria", was sent to Smith Wilson and to plaintiffs. The notice further stated that the cancellation was to be effective on May 29, 1982. On May 30, 1982, a fire destroyed one of plaintiffs' barns. Plaintiffs sought reimbursement from Chenango and were informed that the policy had been terminated prior to the fire and that the loss was not covered.

Plaintiffs subsequently commenced this action against Chenango and Smith Wilson. The action proceeded to a jury trial. At trial, a dispute arose as to whether the policy was a "covered policy" pursuant to Insurance Law former § 167-a. The trial court determined that, as a matter of law, the policy

---

* When renumbered, minor changes were made in the statute which are not relevant to this appeal.

was a covered policy and, therefore, refused to allow Chenango to introduce evidence to rebut that determination. After Chenango closed its proof, the court found that Chenango, as a matter of law, had failed to comply with the notice of cancellation requirements of Insurance Law former § 167-a (2). The court therefore granted plaintiffs' motion for a directed verdict against Chenango, awarding damages of $43,-200 plus interest. Having determined that Chenango was fully liable for plaintiffs' damages, the court also granted Smith Wilson's motion to dismiss plaintiffs' complaint as to it. These appeals ensued.

Insurance Law former § 167-a (1) (a) defined a "covered policy", in relevant part, as:

"(i) loss of or damage to real property used predominantly for residential purposes and which consists of not more than four dwelling units, other than hotels and motels * * *

"(iv) other liabilities for loss of, damage to, or injury to persons or property, not arising from the conduct of a business when a natural person is the named insured under the policy."

The statute further provides that: "A contract which insures any of the contingencies listed in items (i) through (iv) as well as other contingencies shall be a covered policy if that portion of the annual premium attributable to the listed contingencies exceeds that portion attributable to other contingencies" (Insurance Law former § 167-a [1] [a]). If a policy falls within the statutory definition of a covered policy, it may not be canceled during the first 60 days of coverage unless "accompanied by a statement of the specific reason or reasons for such cancellation" (Insurance Law former § 167-a [2]).

Since this appears to be the first appellate court construction of this statutory language, it is instructive to ascertain the legislative intent. The law was originally enacted to strengthen protection against cancellation (memorandum of Insurance Department, 1974 NY Legis Ann at 219). It was aimed in part at providing additional protection to individuals, who often lacked bargaining power and expertise associated with commercial entities (*id.*, at 220-222). Cursorily viewed, plaintiffs, who are private individuals, appear to be within the scope of the legislative intent of Insurance Law former § 167-a. However, the policy of insurance was written to provide coverage to a farm and its operations. Farm policies often necessitate a combination of various forms of coverage

*(see,* 7A Appleman, Insurance Law and Practice § 4501.17, at 291 [Berdal ed]). Many farms are both an individual's home and his business, resulting in coverage which is both residential and at the same time quasi-commercial in nature.

Here, Chenango claims that the evidence it was precluded from introducing would have provided a breakdown of the various contingencies insured against by its policy. It further contends that if it had been allowed to introduce this evidence, it could have established that a larger portion of the premium was attributable to contingencies other than those listed in Insurance Law former § 167-a (1) (a) (i) through (iv), and that, therefore, the contract of insurance was not a "covered policy" *(see,* Insurance Law former § 167-a [1] [a]).

Since a policy on a farm may include both residential and nonresidential contingencies, we hold that it was error for the trial court to refuse admission of evidence concerning the premium breakdown of the policy. The fact that plaintiffs had not yet commenced the actual income-generating farm activities does not change the result. The record reveals that plaintiffs were poised to embark on such activities. Accordingly, there is at least a question of fact as to whether portions of the policy were written prospectively in order to cover the impending farm income-producing activities.

Having determined that factual questions remain to be resolved before it can be determined whether plaintiffs' policy was a "covered policy", it is premature to discuss whether the notice given plaintiffs was sufficient.

The trial court's dismissal of the complaint against Smith Wilson necessarily followed the court's directed verdict against Chenango. Having decided that it was error to direct a verdict against Chenango, it follows that dismissal of the cause of action against Smith Wilson was error.

MAIN, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Orders and judgments reversed, on the law, without costs, and matter remitted to Supreme Court for a new trial.